UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CASSIE ELIZABETH MCKENZIE,<br><br>Petitioner,<br><br>v.<br><br>DEFENSE OFFICE OF HEARING AND APPEALS,<br><br>Respondent. | ) | No. 3:17-CV-71-HBG |

**MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 13].

Now before the Court is Respondent's Motion to Dismiss [Doc. 4]. Petitioner has filed a Response [Doc. 18] in opposition to the Motion, and Respondent filed a Reply [Doc. 21]. Further, Petitioner filed a Motion for Leave to File Surreply [Doc. 22], which the Court has also considered. The Motions are ripe for adjudication. Accordingly, for the reasons further explained below, the Court will **GRANT** Respondent's Motion [**Doc. 4**] and will **GRANT IN PART AND DENY IN PART** Petitioner's Motion [**Doc. 22**].

## I. BACKGROUND

On December 5, 2016, Petitioner filed a Petition for Review in the United States Court of Appeals for the Federal Circuit. [Doc. 1-2 at 2]. The Petition seeks "review of the reconsideration (Claims No. 2016-WV-050304)." [*Id.*]. On February 23, 2017, the Federal Circuit transferred Petitioner's case to this Court, explaining that pursuant to 28 U.S.C. § 1295, it did not have jurisdiction over the case. [Doc. 1 at 1]. Further, the Federal Circuit noted that "it appears judicial

review of at least aspects of DOHA decisions is available in federal district court." [*Id.* at 2] (citing *Nickelson v. United States*, 284 F. Supp. 2d 387 (E.D. Va. 2003), *aff'd*, 103 F. App'x 739 (4th Cir. 2004)). The Federal Circuit transferred all the filings in the case to this Court, including the underlying agency's decision that is in dispute.

Petitioner's claim arises out of a debt that the Defense Finance and Accounting Service ("DFAS") and the Defense Office of Hearing and Appeals ("DOHA" or "Respondent") declined to waive. [Doc. 1-2 at 15-28]. Specifically, on November 3, 2004, Petitioner enlisted in the United States Army Reserve ("USAR") for a term of eight years, and in exchange, she would receive up to $7,000.00 in nonprior service enlistment bonus ("NPEB") payments. [*Id.* at 18]. In addition, she was eligible for the student loan repayment plan and the Montgomery GI Bill ("MGIB"). [*Id.*]. Petitioner received $5,250.00 in NPEB payments and $2,811.00 in tuition assistance. [*Id.* at 18-19]. Further, Petitioner received $116.00 for service member's group life insurance ("SGLI") premiums. [*Id.* at 19]. She also received MGIB payments from the United States Department of Veterans Affairs ("VA"). [*Id.*].

On June 28, 2007, Petitioner was discharged by the United States Army without completing her eight-year enlistment term or her education, requiring recoupment of the following: pro rata portion of the NPEB payments in the amount of $2,236.11, tuition assistance in the amount of $2,811.00, SGLI premiums in the amount of $116.00, and $1,124.42 in MGIB payments from the VA. [*Id.* at 18-19]. Petitioner became indebted to the United States in the total amount of $6,287.53. [*Id.* at 19].

DFAS determined that Petitioner's debt could not be waived pursuant to 10 U.S.C. § 2774 because her waiver request was not received within the five-year limitation set forth in the statute. [*Id.* at 15]. On July 28, 2016, DOHA issued an Appeal Decision, explaining that Petitioner's

request to waive her debt was untimely pursuant to 10 U.S.C. § 2774. [*Id.* at 20]. DOHA explained that under § 2774(b)(2), the Comptroller General or the head of the agency may not exercise his authority to waive claims if the application for waiver is received after the expiration of five years, following the date on which the erroneous payment was discovered. [*Id.* at 19]. DOHA further explained that pursuant to 54 Comp. Gen. 133 (1974), the time begins "from the date the erroneous payment was discovered by the administrative office," which is the date "when it was definitely determined by an appropriate official that an erroneous payment ha[d] been made." [*Id.* at 20]. DOHA considered Petitioner's argument that she did not become aware of the debt until 2015 or 2016 but explained that the date that she was put on notice was irrelevant. [*Id.*]. DOHA stated that the debts were posted on her military pay account between February 3, 2008, and February 3, 2010, making her waiver application, filed on September 9, 2015, untimely under § 2774.

DOHA continued that even if Petitioner's application was timely, it would not waive her debt. [*Id.*]. DOHA explained that § 2774 specifically limits its authority to claims that arose from an erroneous payment. [*Id.*]. DOHA stated that if the payments were correct when made, regardless of the subsequent events, it had no authority to relieve Petitioner of her obligation to the government. [*Id.*]. DOHA concluded that the payments were proper when they were issued. [*Id.*].

Further, DOHA noted that with respect to Petitioner's tuition assistance, such waiver authority is granted by the Secretary of the Army pursuant to 37 U.S.C. § 303a(e) and not DOHA. [*Id.* at 21]. In addition, with respect to the MGIB payments from the VA, DOHA stated that it had no authority to waive that debt because the payments were made by another governmental

agency—the VA. [*Id.*].[1] DOHA also considered Petitioner's argument that unforeseen circumstances prevented her from resolving the debt dispute, but the agency explained that it had no authority over USAR's or DFAS's administrative processes and that if she had concerns regarding the notification of the debt, she must pursue such issues with the army or DFAS. [*Id.* at 22]. Finally, with respect to Petitioner's argument that the VA granted authority concerning similar relief, DOHA explained that it was a separate agency and was not bound to follow the decisions of other agencies. [*Id.*]. DOHA stated that the waiver standards and the authority to grant waivers under 10 U.S.C. § 2774 was delegated to its office by the Secretary of Defense. [*Id.*].

Petitioner appealed the decision to DOHA's Claims Appeals Board ("Board"). [*Id.* at 25]. The Board issued its Reconsideration Decision ("Reconsideration") on October 25, 2016. [*Id.* at 25-28]. The Board denied Petitioner's claim for the same reasons as above. [*Id.*]. Specifically, in the Reconsideration, the Board stated that Petitioner's request was untimely under § 2774 but that even if her request was timely, it had no authority to waive her debt because the debt was not based on an erroneous payment. [*Id.* at 26-27]. The Board explained that the USAR paid Petitioner in accordance with her enlistment contract agreements, and therefore, the payments were correct when made. [*Id.* at 27]. Further, the Board found that it had no authority to waive the tuition assistance payments because they were proper when made and because the waiver authority for such payments was granted to each respective Service Secretary under 37 U.S.C. § 303a(e). [*Id.*]. In addition, the Board explained that the SGLI premiums were not paid erroneously and that it did

[1] DOHA also referred to a letter in Petitioner's case file from the VA, which stated, "We aren't going to consider your waiver request because we reviewed your record, and it shows that the debt was removed, when we restored your benefits for the debt period. Because you no longer have a debt, a waiver decision is not necessary." [Doc. 1-2 at 21].

not have authority to consider the MGIB payments because those payments were made by the VA. [*Id.*].

In the instant Petition, Petitioner seeks review of the Reconsideration, and Respondent has moved to dismiss.

## II. POSITIONS OF THE PARTIES

In its Motion, Respondent argues [Doc. 4] that Petitioner's waiver request was untimely. Respondent claims that if an application for waiver is received after the expiration of five years immediately following the date on which the erroneous payment was discovered, a claim is not subject to waiver. Respondent states that the record is clear that Petitioner's indebtedness was discovered by the agency, at the latest, when it was posted to her military pay account between February 2008 and February 2010. Respondent asserts that Petitioner did not request a waiver until September 9, 2015. In addition, Respondent states that the wavier statute, 10 U.S.C. § 2774, is inapplicable because Petitioner was not erroneously paid. Respondent continues that if Petitioner had completed her eight-year commitment and/or successfully completed her college courses, then the debt would not have arisen. Finally, Respondent argues that the SGLI premium payments and tuition assistance payments are not included in the waiver statute and that it does not have authority over the MGIB payments.

Petitioner responds [Doc. 18] in opposition to the Motion. Petitioner asserts that her response is in accordance with the Administrative Procedure Act ("APA"), 32 C.F.R. § 536.47, 10 U.S.C. § 2005, and 37 U.S.C. § 303a(e). Petitioner attaches a number of documents, asserting that she was unaware that she would not be able to fulfill her military obligation. She continues that she was under the impression that she would be able to fulfill her obligation and that she was not aware of the debt until the Internal Revenue Service ("IRS") put her on notice of the tax offset in

2014. Petitioner argues that the date that "give[s] rise" to the claim is the date that she was notified by the IRS. Petitioner repeats that this claim is governed under the APA. Further, Petitioner asserts that under 10 U.S.C. § 2005, "ROTC disenrollment should have been directed to 'active duty' if [she] failed to meet obligation requirements." [Doc. 18 at 4]. Petitioner argues that under 10 U.S.C. § 2774(b), fault exists if the member should have known that an error existed. Petitioner maintains that she was unaware of her misfortune until notification was provided by the IRS. With respect to Respondent's argument that she failed to complete her commitments, Petitioner asserts that she assumed that upon her release from incarceration, she would be able to continue her service. She explains that if she failed to continue her service after her release, then the consequences in 37 U.S.C. § 303a(e) would have been triggered.

Respondent filed a Reply [Doc. 21], arguing that Petitioner's response is primarily focused on her discharge, which is not an issue before the Court and cannot be before the Court because Petitioner did not exhaust her administrative remedies. Respondent continues that Petitioner acknowledges that her failure to serve would lead to such consequences. Respondent states that Petitioner's true issue is with her initial discharge that triggered her obligation to repay the various funds provided to her because of her service in the USAR but that this issue is not before the Court. Further, Respondent argues that under the APA, Petitioner is required to show that Respondent's decision is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law. Respondent explains that the underlying decision is not arbitrary or capricious.

Petitioner filed a Motion for Leave to File a Surreply [Doc. 22], requesting that the Court strike Respondent's reference to the nature of the discharge process. Petitioner explains that she referenced such matters to show that she exhausted all available remedies afforded in a timely manner. She states that she introduced the APA "because during that time[,] she was under that

umbrella and could not by-pass any other avenues of that nature given the status and place she was being held and the authority she was released after receiving her sentence." [Doc. 22 at 1]. She asserts that 18 U.S.C. § 4042 limited any rights to adjudicate. Petitioner requests that the Court disregard Respondent's allegations relating to the manner of which she was discharged. In addition, she requests that the Court address 32 C.F.R. § Pt. 282, App. C. She asserts that this regulation shows that her application for waiver was timely because the date that gives rise to the claim is the date that she was notified by the IRS in 2014. Petitioner argues that she was not served with notification during her incarceration that she would be obligated with the debt after she served her six-year sentence.

## III. STANDARD OF REVIEW

Respondent filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). On a Rule 12(b)(6) motion, the Court considers not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). This assumption of veracity, however, does not extend to bare assertions of legal conclusions, *Iqbal*, 556 U.S. at 679, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

After sorting the factual allegations from the legal conclusions, the Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. This factual matter must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility "is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

As mentioned above, both parties reference the APA. Under the APA, an agency's decision is upheld unless it is arbitrary and capricious. The arbitrary and capricious standard has been described as "the most deferential standard of judicial review of agency action, upholding those outcomes supported by a reasoned explanation, based upon the evidence in the record as a whole." *Todd v. U.S. Department of Labor*, 187 F. Supp. 3d 824, 826 (W.D. Ky. 2016) (quoting *Mich. Bell. Tel. Co. v. MCI Metro Access Transmission Servs., Inc.*, 323 F.3d 348, 354 (6th Cir. 2003)). "Under this deferential standard, when it is possible to offer a reasoned explanation, based on the evidence for a particular outcome, that outcome is not arbitrary or capricious." *Cox v. Standard Ins. Co.*, 585 F.3d 295, 299 (6th Cir. 2009).

## IV. ANALYSIS

Before turning to the merits of the dispute, the Court must address certain issues. First, the Court observes that in a footnote, Respondent asserts that the Court's jurisdiction is questionable. Respondent further states that the Court does not need to decide jurisdiction in determining its Motion. It is a fundamental principle of law, however, that the Court must have jurisdiction before deciding the merits of the claim. *In re: 2016 Primary Election*, 836 F.3d 584, 587 (6th Cir. 2016) (explaining that "courts must decide jurisdictional issues before merits issues").

The Petition in this case is bare bones, asserting only that Petitioner seeks the Court's "review of the reconsideration (Claims No. 2016-WV-050304)." [Doc. 1-2 at 2]. The Court is mindful, however, that Petitioner is proceeding pro se and that the Supreme Court has cautioned, "A document filed pro se is to be liberally construed" and that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (other quotations and internal citations omitted). Thus, despite the brevity of the Petition, the Court understands Petitioner to be seeking review of DOHA's Reconsideration because Petitioner believes DOHA's interpretation of 10 U.S.C. § 2774 is arbitrary and capricious under the APA. In fact, Petitioner argues such in her Response to Respondent's Motion to Dismiss. [Doc. 18 at 4] ("This proceeding is governed under the Administrative Procedure Act."). Accordingly, given Petitioner's representation, the Court finds that the APA applies and the Court has jurisdiction thereunder. *See* 5 U.S.C. § 702 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."). *See also Miglionico v. United States*, 108 Fed. Cl. 512, 521 (Fed. Cl. 2012) (hearing plaintiff's claim that DOHA's decision and its interpretation of a regulation was arbitrary and capricious).

In addition, the Court notes that Petitioner filed a document titled, "Petitioner's Motion for Leave to File Surreply." [Doc. 22]. In the Motion, she requests that the Court strike Respondent's reference to the nature of her discharge. She explains that she did not reference her discharge to "refocus the position of review" but only to show that she made her claim in a timely manner. Although the Court will not strike Respondent's references, the Court understands Petitioner's claim to be challenging DOHA's Reconsideration and that the nature of her discharge is irrelevant. Further, the Court has considered the issues raised in Petitioner's Surreply.[2]

---

[2] As a final matter, the Court observes that Respondent filed a Motion to Dismiss under Rule 12(b)(6). Typically, with respect to Rule 12(b)(6) motions, the Court is limited to the four corners of the complaint. *Trustees of Detroit Carpenters Fringe Benefit Funds v. Patrie Const. Co.*, 618 F. App'x 246, 255 (6th Cir. 2015). The Sixth Circuit has observed, however, that "it may consider items appearing in the record of the case, including exhibits, without converting a Rule 12(b)(6) motion into a motion for summary judgment, but only "so long as they are *referred to in the complaint* and are central to the claims contained therein." *Id.* (quoting *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir.2011) (emphasis in *Patrie Const. Co.*) (other citations omitted). Here, in the Petition, Petitioner specifically refers to the Reconsideration

Turning to the merits of this case, the Court has reviewed DOHA's decision and finds that DOHA fully articulated the reasoning behind its decision and that its decision is not arbitrary and capricious. Petitioner applied for a waiver of her debt pursuant to 10 U.S.C. § 2774(b)(2). Specifically, § 2774 states as follows:

> A claim of the United States against a person arising out of an erroneous payment of any pay or allowances made before, on, or after October 2, 1972, or arising out of an erroneous payment of travel and transportation allowances, to or on behalf of a member or former member of the uniformed services, the collection of which would be against equity and good conscience and not in the best interest of the United States, may be waived in whole or in part by . . .

10 U.S.C. § 2774. The statute continues, however, that authority may not be exercised to waive any claim—

> (1) if, in his opinion, there exists, in connection with the claim, an indication of fraud, misrepresentation, fault, or lack of good faith on the part of the member or any other person having an interest in obtaining a waiver of the claim; or
>
> (2) if application for waiver is received in his office after the expiration of five years immediately following the date on which the erroneous payment was discovered.

10 U.S.C. § 2774(b).

Relying on 54 Comp. Gen. 133 (1974), DOHA found that Petitioner's request for a waiver was untimely. [Doc. 1-2 at 26]. DOHA explained that for purposes of § 2774(b)(2), the time began when the erroneous payment was discovered by the administrative office. DOHA stated that Petitioner's debts for NPEB, SGLI, and MGIB were discovered in February 2008, so she

---

(Claims No. 2016-WV-050304) and requests that the Court review the Reconsideration. [Doc. 1-2 at 2].

would have had to request waiver of those debt amounts in February 2013. [*Id.* at 26]. In addition, DOHA found that her debt for tuition assistance was discovered February 2010, so her request for a waiver would have been due in February 2015. [*Id.*]. DOHA concluded that it did not have authority to waive the debt given Petitioner's untimely application. [*Id.*].

The parties dispute who is required to discover the erroneous payment in order to trigger the time limitations set forth in the above statute. Petitioner states that she did not discover the debt until the IRS notified her of the debt, which occurred in 2014 and 2015, making her application timely under § 2774(b)(2). Respondent argues that Petitioner's notice is irrelevant and that the debt was discovered for purposes of § 2774 when it was posted to her military pay account between February 2008 and February 2010. Respondent asserts that regardless, Petitioner should have known of her debt when it was posted to her military pay account.

While Respondent's position is consistent with the Comptroller General's opinion, *see In the A Waiver of Indebtedness*, 54 Comp. Gen. 133, 133 (Aug. 20, 1974), the Court finds that it does not need to decide this issue because the Court agrees with DOHA that § 2774 is inapplicable to Petitioner's entire debt because she did not receive any erroneous payments. In its Reconsideration, DOHA explained, "If the payment was correct when made, regardless of the subsequent events, we have no authority to relieve a member of her obligation to repay the government." [Doc. 1-2 at 27]. As mentioned above, § 2774 applies to claims "arising out of an erroneous payment." Petitioner does not dispute that when she received the payments (NPEB, SGLI, MGIB, and tuition assistance), they were not erroneously paid. Accordingly, the Court finds DOHA's decision (i.e., the statute is not applicable to Petitioner's request for a waiver) is not arbitrary and capricious.

Petitioner has requested that the Court review a provision in 32 C.F.R. § Pt. 282, App. C, which provides as follows:

> (ii) Claims under 31 U.S.C. 3702 (b), 10 U.S.C. 2771 and 32 U.S.C. 714 must be received within 6 years of the date the claim accrued. (A claim accrues on the date when everything necessary to give rise to the claim has occurred.) The time limit for claims of members of the Armed Forces that accrue during war or within 5 years before war begins, is 6 years from the date the claim accrued or 5 years after peace is established, whichever is later.

32 C.F.R. § Pt. 282(f)(ii), App. C.

The Court finds Petitioner has not sufficiently explained why this statute would apply in this case. First, the statute addresses a "demand for money or property against the Government." Petitioner has not demanded money or property but has requested a waiver of her own debt. Further, as explained above, the Court agrees with DOHA that § 2774 applies to erroneous payments and that even if Petitioner's claim was timely, she would not be eligible for the debt waiver as provided under § 2774.

Further, the Court observes that DOHA explained it did not have authority to consider waiving the tuition-assistance payments because the debt did not arise from "pay or allowances" as provided in the statute. *See* 10 U.S.C. § 2774 (titled, "Claims for overpayment of pay and allowances and of travel and transportation"). DOHA explained that tuition assistance payments are educational expenses. In addition, the Court agrees with Respondent that with respect to tuition assistance payments, Petitioner was required to seek relief from the Secretary of the Army and not DFAS or DOHA. Specifically, 10 U.S.C. § 2005(a)(3) provides that the Secretary concerned may provide advanced education assistance to any person who enters into a written agreement with the Secretary concerned but that if such person does not complete the terms of the agreement, he or she may be subject to the repayment provisions of 37 U.S.C. § 303a(e). Section 303a(e) requires

recoupment of bonuses or benefits "unless the Secretary concerned determines that the imposition of the repayment requirement . . . would be contrary to a personnel policy or management objective, would be against equity and good conscience, or would be contrary to the best interests of the United States." *See also* 10 U.S.C. § 101(a)(9) (defining "Secretary concerned" as the "Secretary of the Army, with respect to matters concerning the Army").

Similarly, with respect to the MGIB payments DOHA explained that it could only consider waiver requests made by its agency, the Department of Defense, and that the MGIB payments were made by the VA. Accordingly, the Court finds DOHA's decision is not arbitrary and capricious.

As a final matter, in DOHA's Reconsideration, it addressed Petitioner's argument that she should have been given more time to report pursuant to USREC Regulation 601-56, Chapter 3. [Doc. 1-2 at 27]. Although the parties did not brief this issue, the Court agrees with DOHA's interpretation that this regulation applies to "future solider" and discusses actions prior to enlistment. Accordingly, the Court finds no reason to disturb DOHA's finding.

## V. CONCLUSION

Accordingly, for the reasons cited above, the Court will **GRANT** Respondent's Motion to Dismiss [**Doc. 4**] and will **GRANT IN PART AND DENY IN PART** Petitioner's Motion for Leave to File Surreply [**Doc. 22**].

ORDER ACCORDINGLY:

Bruce Guyton

United States Magistrate Judge